IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JAMMY DERONE LEGETTE,**

    **Petitioner,**

v.

    Case No. 21-cv-01768-SPM

**WARDEN, FCI-GREENVILLE,**

    **Respondent.**

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Jammy D. Legette, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois ("FCI-Greenville"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Relying on the decision in *United States v. Green*, 996 F.3d 176 (4th Cir. 2021), Legette challenges his conviction and the sentence he received in *United States v. Legette*, 04-cr-00795-TLW-1 (D.S.C. 2005) ("Criminal Case").

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives this Court the authority to apply the Rules to other habeas corpus cases.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Legette was indicted in a three-count Superseding Indictment on March 2,

2005 (Criminal Case, Doc. 44). Count One was a robbery charge under the Hobbs Act (18 U.S.C. § 1951(a)(1) and (b)(1)); Count Two was a possession of a firearm charge in violation of 18 U.S.C. § 924(c)(1)(A) and 2; and Count Three was a felon in possession of a firearm charge in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(3) (Doc. 1, p. 7). Legette pled guilty to Counts One and Two on August 29, 2005 (Criminal Case, Doc. 111). Once it was determined that Legette was a career offender, on December 20, 2005, he was sentenced to 240 months confinement on Count One and 312 months on Count Two (to be served concurrently), along with three (3) years of supervised release on Count One and five (5) years on Count Two (to be served concurrently) (Criminal Case, Doc. 129).

Legette first filed a direct appeal to the Fourth Circuit on December 27, 2005 (Criminal Case, Doc. 123) which was dismissed on September 14, 2006. *United States v. Legette*, No. 06-4009 (4th Cir. 2006) (Criminal Case, Doc. 139). He then filed a motion to withdraw his guilty plea on December 1, 2010 (Criminal Case, Doc. 168) which was denied by the District Court nine (9) days later on December 10, 2010 (Criminal Case, Doc. 169). The Fourth Circuit affirmed this denial on May 23, 2011 (Criminal Case, Doc. 196). Pursuant to 28 U.S.C. § 2255, Legette filed his first post-conviction appeal on May 2, 2016 (Criminal Case, Doc. 263). His court-appointed public defender amended it on June 20, 2016 (Criminal Case, Doc. 265).[1] Legette advanced two separate issues in that § 2255 appeal: (1) that he is no longer a career offender and (2) that robbery under the Hobbs Act is not a valid § 924(c) predicate

---

[1] The Amended Motion misspells Legette's name as "Leggette" throughout. Nevertheless, it is the correct document in this case (*See* Criminal Case, Doc. 265).

conviction, meaning that he was convicted of a non-offense over which the District Court did not have jurisdiction (Criminal Case, Doc. 265, *see* Doc. 1, p. 8). The District Court denied the § 2255 motion under Supreme Court precedent in *Beckles v. United States*, 137 S. Ct. 886, 895 (2017), which held that "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that Section 4B1.2(a)'s residual clause is not void for vagueness." (Criminal Case, Doc. 275, pp. 1–2). The District Court also held that Hobbs Act robbery qualified as a crime of violence under § 924(c)(3)(A) (Criminal Case, Doc. 275, pp. 2–3). Legette's Certificate of Appeal was dismissed on December 9, 2019. *United States v. Legette*, No. 19-6790 (4th. Cir. 2019) (Criminal Case, Doc. 291). Legette's motion for permission to file a second or successive § 2255 motion was filed on June 25, 2020 (Doc. 1, p. 8) and denied on July 21, 2020. *In re: Jammy Derone Legette*, No. 20-353 (4th Cir. 2020) (Criminal Case, Doc. 301). Legette now files the instant petition under § 2241 before the Court.

As Legette was convicted and sentenced in the District Court for the District of South Carolina, it was appropriate for him to file his § 2255 motion in the district court there. However, § 2241 petitions must be filed "in the district where the prisoner is confined . . . ." U.S. Dep't of Just. Manual, Rule 9-37.000 (Jan. 2020). Thus, venue is appropriate in the Seventh Circuit and in this Court due to Legette's incarceration at FCI-Greenville (Doc. 1, pp. 1–2).

### APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not

be used to raise claims of legal error in conviction or sentencing but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his or her conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him or her. A § 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his [or her] conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner is also normally limited to only *one* challenge of his or her conviction and sentence under § 2255. He or she may not file a "second or successive" § 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). *See Teague v. Lane*, 489 U.S. 288, 299–301 (1989).

Under very limited circumstances, however, it is possible for a prisoner to challenge his or her federal conviction or sentence under § 2241. Specifically, § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his [or her] detention." 28 U.S.C. § 2255(e). *See Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (stating that "'[i]nadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's

Page 4 of 9

actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *United States v. Prevatte*, 300 F.3d 792, 798–99 (7th Cir. 2002) (noting that "savings clause" of § 2255 applies to "a narrow class of cases" where the 2255 remedy "'is inadequate or ineffective to test the legality of [the prisoner's] detention.'") (citing *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001)). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998) and stated: "[a] procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his [or her] conviction as having been imprisoned for a nonexistent offense." *Id.* at 611. In other words, "there must be some kind of structural problem with section 2255 before section 2241 becomes available." *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## ANALYSIS

First, Legette claims that he is "actually innocent of his career offender sentences," as Hobbs Act robbery is not a crime of violence (Doc. 1, p. 16). Legette cites *United States v. Green*, 996 F.3d 176, 179 (4th Cir. 2021) for the contention that Hobbs Act robbery is not a crime of violence under § 4B1.2 of the Sentencing Guidelines. (Doc. 1, pp. 6–7, 13). Including the Fourth Circuit in *Green*, five other circuits (including the Seventh Circuit in *Bridges v. United States*, 991 F.3d 793, 802–03 (7th Cir. 2021)) have agreed that "functionally identical state robbery statutes do not qualify as crimes of violence . . . ." *Green*, 996 F.3d at 179. *See United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017); *United States v. Camp*, 903 F.3d 594,

604 (6th Cir. 2018); *United States v. Rodriguez*, 770 F. App'x 18, 21 (3d Cir. 2019); *United States v. Eason*, 953 F.3d 1184, 1195 (11th Cir. 2020).

Second, Legette claims that he is "actually innocent" of violating § 924(c)(1)(A) since Hobbs Act robbery is not a crime of violence. (Doc. 1, p. 7). He cites *United States v. Chea*, No. 98-cr-20005-1 CW, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019) for this proposition. The District Court for the Northern District of California granted Chea's § 2255 petition for post-conviction relief on the grounds that Hobbs Act robbery was not a crime of violence. *Id.*

Preliminarily, the Court notes that it does not need to consider the merits of this case because Legette explicitly waived his right to bring this challenge in his plea agreement. (Criminal Case, Doc. 105, ¶ 13). In that agreement, Legette agreed to waive "the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255." (*Id.*). Where a guilty plea is entered knowingly and voluntarily, appeal waivers are enforceable to preclude challenges falling within their scope. *See Garza v. Idaho*, 139 S. Ct. 738, 745 (2019); *United States v. Worden*, 646 F.3d 499, 502–03 (7th Cir. 2011) (relying on *United States v. Blinn*, 490 F.3d 586, 587–88 (7th Cir. 2007) ("We will enforce a plea agreement's appellate waiver if its terms are clear and unambiguous and the record shows that the defendant knowingly and voluntarily entered into the agreement."). Further, a subsequent change in the law does not make an appeal waiver involuntary. *See United States v. Carson*, 855 F.3d 828, 829–31 (7th Cir. 2017); *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014); *see also Brady v. United*

*States*, 397 U.S. 742, 757 (1970). It is worth mentioning that Legette does not claim that his plea or appeal and collateral attack waivers were involuntary or invalid. Legette also does not appear to have raised such an issue in his previous § 2255 motion. Regardless, a § 2241 petition is not a viable route for Legette's argument because he expressly waived his right to bring a collateral attack.

Nevertheless, even if Legette had not waived his right to bring this collateral attack, his petition still fails because Legette could have raised the issue in a § 2255 motion or on a direct appeal. Because Legette had "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence," *In re Davenport*, 147 F.3d at 609, he cannot now seek relief under § 2241 on that basis.

Regarding Legette's argument employing *United States v. Green*, 996 F.3d 176, 179 (4th Cir. 2021) and *Bridges v. United States*, 991 F.3d 793, 802–03 (7th Cir. 2021), even though myriad circuit courts have ruled that Hobbs Act robbery is not a crime of violence, these do not represent retroactive changes in statutory interpretation that would be applicable to Legette's conviction. The Supreme Court clearly established in *Teague v. Lane* that the Court will determine whether decisions apply retroactively at the time the decision is rendered. 489 U.S. 288, 299–301 (1989) ("Retroactivity is properly treated as a threshold question, for, once a new rule is applied to the defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively to all who are similarly situated.").

Legette's second argument employing *United States v. Chea*, No. 98-cr-20005-

1 CW, 2019 WL 5061085 (N.D. Cal. Oct. 2, 2019) also fails to pass muster. The District of South Carolina previously established in its denial of Legette's § 2255 petition that most circuit courts have determined that Hobbs Act robbery is a valid § 924(c) predicate under the force clause, including in the Seventh Circuit. *See United States v. Rivera*, 847 F.3d 847, 849 (7th Cir.), *cert. denied*, 137 S. Ct. 2228 (2017). ("Because one cannot commit Hobbs Act robbery without using or threatening physical force, we held that Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction.") (citing *United States v. Anglin*, 846 F.3d 954, 965 (7th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 126 (2019) (Criminal Case, Doc. 275, pp. 2–3).[2] Additionally, the District of South Carolina cited the Supreme Court's ruling in *Stokeling v. United States*, 139 S. Ct. 544, 353 (2019), which held that "[r]obbery thus has always been within the 'category of violent, active crimes' that Congress included in ACCA." (citing *Johnson v. United States*, 559 U.S. 133, 140 (2010)).

## CONCLUSION

For the reasons set forth above, Petitioner Jammy D. Legette's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Petitioner wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within sixty (60) days of the entry of judgment. *See* FED.

---

[2] The Supreme Court ruled in *United States v. Davis*, 129 S. Ct. 2319 (2019) that 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. This does not affect Legette's conviction, as he was convicted using § 924(c)(3)(A) (*See* Criminal Case, Doc. 275, pp. 2–3).

R. APP. PROC. 4(a)(1)(B). A motion for leave to appeal in forma pauperis ("IFP") must set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. PROC. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six (6) months) irrespective of the outcome of the appeal. *See* FED. R. APP. PROC. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858–59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the sixty (60)-day appeal deadline. *See* FED. R. APP. PROC. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this twenty-eight (28)-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED:  April 19, 2022**

s/ *Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**
